*Xiao v. Whitaker*

BIA
Poczter, IJ
A205 589 688

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

QIAN WU XIAO, AKA XIAO QIAN WU,
> *Petitioner,*

v.                                                    16-3144
                                                      NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Stephen J.
                         Flynn, Assistant Director; Jeffrey
                         R. Meyer, Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Qian Wu Xiao, a native and citizen of the People's Republic of China, seeks review of an August 18, 2016, decision of the BIA affirming an April 7, 2015, decision of an Immigration Judge ("IJ") denying Xiao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qian Wu Xiao,* No. A 205 589 688 (B.I.A. Aug. 18, 20(16), *aff'g* No. A 205 589 688 (Immig. Ct. N.Y. City Apr. 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case. Briefly, the claim of persecution is based on the alleged conduct of the police, including beating Xiao while in detention for her participation in an underground church in China.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of

2

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on:

> [T]he consistency between the applicant's or witness's written and oral statements . . . the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67 & n.3. Since the agency's decision in this case, we have clarified the standards for the agency's reliance on omissions. "Although IJs may rely on non-material omissions and inconsistencies, not all omissions and inconsistencies will deserve the same weight." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018). Instead, the agency must "distinguish between (1) omissions that arise merely because an applicant's oral testimony is more detailed

3

than his or her written application, and (2) omissions that tend to show that an applicant has fabricated his or her claim." *Id.* at 82.

In this case, the agency relied on omissions regarding Xiao's medical treatment and police visit and calls. When asked on cross examination if she received medical treatment, Xiao testified that she went to a local clinic with her father the day she was released from detention for an exam and an x-ray. She also testified that police officers came to her house a week after her release and then called her house repeatedly demanding that she report to the police station. These facts were not included in Xiao's application, affidavit, or direct testimony, or in her father's letter. Xiao explained that she forgot to tell her lawyer about the medical treatment and police visit and calls and did not know why her father failed to mention them.

Because the omissions in this case are very similar to those at issue in *Hong Fei Gao*, we remand for the agency to reconsider the adverse credibility determination in the first instance. *See* 891 F.3d at 79-81. On remand, the agency should consider (1) whether Xiao's testimony regarding her

4

medical treatment and police contact supplemented, or contradicted, the information in her application and affidavit, (2) whether Xiao's father's omissions created any inconsistencies with Xiao's testimony, and (3) the seriousness of the omissions, taking into account the significance of the events Xiao described, whether her testimony about these events was brief or detailed, and whether it arose in response to specific questions from the IJ or on cross examination. *Hong Fei Gao*, 891 F.3d at 79-82.

In sum, under the framework articulated in *Hong Fei Gao*, Xiao's and her father's omissions do not appear to provide substantial evidence for the adverse credibility ruling. Thus, we remand for the agency to reconsider Xiao's claim.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral

argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe,
                                   Clerk of Court